UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Roberto Ramos,

Plaintiff,

vs. REPORT AND RECOMMENDATION

MINNCORR, Sheryl Ramstad Hvass, Mike Sveen,

Defendants. Civ. No. 01-2306 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 4th day of January, 2002.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application to Proceed in forma pauperis. The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendants.

For reasons which follow, we recommend that the Plaintiff's Complaint be dismissed, without prejudice, as he has failed to exhaust his administrative remedies. Further, we recommend that his Application to Proceed in forma pauperis be denied, as moot.

FILED JAN 04 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

## II. Factual and Procedural Background

The Plaintiff, who identifies himself as an inmate at the Minnesota Correctional Facility in Faribault, Minnesota ("FMC-Fairbault"), filed a civil Complaint, pursuant to Title 42 U.S.C. §1983, claiming that the Defendants have caused him physical harm. Specifically, the Plaintiff alleges as follows:

> It is mandatory that one[] work while imprisoned with the D.O.C. Prisons. The Plaintiff speaks very little English. Spanish is Plaintiff's native language. Upon starting work for MINNCORR Plaintiff was never trained to operate the machinery he was to work with in neither English nor Spanish. Further the equipment was not in safe operating condition. Due to the above-cited failure of the defendant the Plaintiff ha[s] suffered by having a portion of his index finger on his left hand cut off. For all of these reason[s] the Plaintiff is entitled to bring this suit and receive compensation for his loss of limb and to have all medical bills stemming from the injury covered by the defendants.

Complaint, at 2.

The Plaintiff seeks compensation in the amount of $100,000, as well as the payment of all of his medical expenses. Id. at 3. We conclude, however, that, in addition to other potential defects in his Complaint, the Plaintiff has failed to exhaust his administrative remedies, as required by controlling authority.

## III. Discussion

An initial screening of the Plaintiffs' Complaint, pursuant to Title 28 U.S.C. §1915A, discloses that he has not exhausted his

administrative remedies through the available prisoner grievance process at FMC-Fairbault, thereby subjecting his claims to the potential of summary dismissal. Pursuant to the Prison Litigation Reform Act of 1995, a District Court is required to screen prisoner civil actions which seek redress from the Government, or from government officials or employees, and must dismiss any prisoner Complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted * * *." Title 28 U.S.C. §1915A.[1] A Complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also, Owens-El v. United States, 2 Fed. App. 652, 653, 2001 WL 173655 (8th Cir. February 23, 2001)[unpublished decision]; Christiansen v. Clarke, 147 F.3d 655, 658 (8th Cir. 1998); Williams v. Hopkins, 130 F.3d 333, 335 (8th Cir. 1997).

By its terms, Section 1915A also requires dismissal if the Complaint would not survive a Motion pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. See, Heimermann v. Ramp, 2001 WL 1628739 at *1 (D. Minn. September 6, 2001)[unpublished decision]; Davis v. District of Columbia, 158 F.3d 1342, 1348 (D.C. Cir. 1998); Kane v. Lancaster County Dep't of Corrections, 960 F. Supp. 219, 221 (D. Neb. 1997); Duamutef v. Morris, 956 F. Supp. 1112,

[1]The Statute does not exempt fee-paying prisoners from the Court's initial review.

1114 (S.D.N.Y. 1997); Lugo v. INS, 950 F. Supp. 743, 745 (E.D. Va. 1997); Jones v. Russell, 950 F. Supp. 855, 856 (N.D. Ill. 1996). Under the Rule 12(b)(6) standard, a pro se Complaint, no matter how deficiently pled, withstands scrutiny "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972)(per curiam); see also, Morgan v. Brown & Williamson Tobacco Corp., 198 F.3d 250, 1999 WL 693898 at *1 (8th Cir. August 27, 1999)[table decision]; Smith v. St. Bernard's Regional Med. Center, 19 F.3d 1254, 1255 (8th Cir. 1994).

Here, the Plaintiff has not exhausted his administrative remedies, which is an absolute bar to the relief he requests. Title 42 U.S.C. §1997e requires that prisoners exhaust their available administrative remedies prior to filing suit in Federal Court under Title 42 U.S.C. §1983, or under other provisions of Federal law. Section 1997e(a), as amended by the PLRA, provides as follows:

> No action shall be brought with respect to prison conditions under [42 U.S.C. §1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted.

Title 42 U.S.C. §1997e(a).

As such, the Plaintiff is barred from pursuing relief, in Federal Court, until he has demonstrated that the exhaustion requirement

has been satisfied, or that the law allows an exemption from that requirement.

Nonetheless, the Plaintiff contends that he need not exhaust his administrative remedies, as "[t]here is no process in place to compensate one[] for an injury through the grievance procedure for a loss of limb." Complaint, at 2. Recent case law does not support the Plaintiff's position, however. The United States Supreme Court has held that a prisoner seeking relief under Title 42 U.S.C. §1983 is required to exhaust his administrative remedies before initiating a civil action, as long as an administrative tribunal has authority to act in some way, and even though the administrative tribunal may not be able to grant the requested relief. See, Booth v. Churner, 532 U.S. 931, ---, 121 S.Ct. 1819, 1822 (2001). Thus, as long as the administrative authority can do something for the Plaintiff, such as order that he be provided with training prior to working in the future, the Plaintiff must exhaust his administrative remedies. As such, since the Plaintiff has, by his own admission, not exhausted his administrative remedies, we recommend that his Complaint be dismissed, without prejudice to its renewal, after the Plaintiff has cured the noted defect.[2]

---

[2]We also question whether the Plaintiff's Complaint is properly brought in Federal Court, as there is no allegation in the Complaint regarding the jurisdictional basis that the Plaintiff is (continued...)

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Complaint [Docket No. 1] be summarily dismissed, as frivolous, but without prejudice to its renewal once the Plaintiff has cured the deficiencies noted in the text of this Report and Recommendation.

2. That the Plaintiff's Application to Proceed Without Prepayment of Fees [Docket No. 2] be denied, as moot.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to

---

[2](...continued)
relying on to assert this action in Federal Court. We understand the Plaintiff to allege that he was injured, while working in a State correctional facility -- which may well be construed to state a claim in tort -- but we do not understand the constitutional right that he regards as having been denied to him by the Defendants, while they were acting in an official State capacity. Indeed, on the face of the Complaint, there appears to be no asserted basis for a Federal question, see, Title 28 U.S.C. §1331, or for the exercise of diversity jurisdiction, see, Title 28 U.S.C. §1332. Thus, we caution the Plaintiff that, if he decides to refile this action after exhausting his administrative remedies, he must allege a proper Federal jurisdictional basis for the claims that he would then seek to assert.

this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than January 22, 2002,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than January 22, 2002,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.